<pre>
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
 2                        NASHVILLE DIVISION

 3

 4   UNITED STATES OF AMERICA      )
                                   )
 5   vs.                           ) No.: 3:16-cr-00043-1
                                   )
 6   PAUL GRATTON                  )
                                   )
 7   _____

 8                    TRANSCRIPT OF PROCEEDINGS
 9   _____

10   BEFORE:          THE HONORABLE KEVIN H. SHARP
                      DISTRICT JUDGE
11
     DATE:            March 2, 2017
12
     TIME:            10:30 A.M.
13

14   _____

15   APPEARANCES:

16   FOR THE UNITED STATES:  JOHN BENJAMIN SCHRADER
                             AHMED A. SAFEEULLAH
17                           Assistant U. S. Attorneys
                             961-A U. S. Courthouse
18                           Nashville, Tennessee  37203

19   FOR THE DEFENDANT:    IN PRO SE

20

21

22   _____
     BRIAN V. RATEKIN, RPR, CCR
23   Contract Court Reporter
     837-A U.S. Courthouse
24   Nashville, Tennessee  37203
     Telephone:  615-405-8877
25
</pre>

1          THE COURT:  All right.  This is the pretrial in United

2    States versus Paul Gratton.  There are a few motions that I have

3    not ruled on and wanted to hear from the parties today.

4        First one, let me hear, before we get to these motions to

5    suppress, let's -- I'm going to go in order.  Let me hear from

6    the Government on their motions, 108 and 109, to preclude the

7    defendant from advancing an ignorance of the law defense and

8    precluded from making any jury nullification arguments.

9          MR. SCHRADER:  Sure, your Honor.  Before I do that --

10          THE COURT:  Yeah.

11          MR. SCHRADER:  -- so there is a notice that Mr. Gratton

12   filed last night to discharge Mr. Hopkins as counsel.  And

13   Mr. Gratton does have a gentleman with him who is here today, I

14   believe from England, who is not a lawyer, at counsel table.

15   I'm not sure how -- whether the Court wants to deal with that

16   issue before we get into it.

17          THE COURT:  Well, yeah.  Tell me, Mr. Gratton, who is

18   with you there?  Who is this?

19      Mr. Gratton, I'm talking to you.  Are you going to write?

20   Is that how we're going to play this today?

21          MR. GRATTON:  If you would be so kind.

22          THE COURT:  Let me ask you this.  Why -- why can't you

23   answer me?  Why -- why -- are you going to write this down,

24   Mr. Gratton?

25        All right.  Let's just -- let's just move.

1    The motion is denied.  Mr. Hopkins is not your lawyer; he is

2  elbow counsel.  You're representing yourself.  I don't know who

3  this gentleman is.  He is not your lawyer in this case.  He is

4  not licensed to practice in this district.

5    You can hand that back to Mr. Gratton.

6    Mr. Hopkins is still elbow counsel.  Let's -- let's keep

7  moving.  I'm not going to -- I don't have time to play games

8  with Mr. Gratton.

9    MR. SCHRADER:  Sure, your Honor.  And I tried my best

10 just to lay out our arguments in our filings, but we really made

11 two arguments, and as far as those two motions in limine are

12 concerned, the first is with respect to what the Government is

13 required to prove in this case as far as willfulness is

14 concerned.

15   And in the Government's view, the case law is -- is pretty

16 clear that the Government has got to prove that the defendant

17 knew what he was doing was unlawful but doesn't need to prove

18 anything beyond that; in other words, that he knew that he was

19 violating a particular statute or that there are particular

20 licensing requirements that apply to the silencers in this case.

21   And the second is with respect to a jury nullification

22 argument.  We have asked this Court to instruct Mr. Gratton that

23 he is not permitted to make that argument.  It does appear from

24 his response that he either planned or was hoping to make that

25 sort of argument.  It's well within this Court's discretion to

```
 1    order him not to do that.  We think it would be inappropriate
 2    for him to make that argument.
 3              THE COURT:  All right.  Mr. Gratton, what's your
 4    response?  And I need you to come up to the podium to respond.
 5         Mr. Gratton, come up to the podium if you have a response.
 6    I'm not taking your pieces of paper; I'm talking to you.
 7         All right.  It appears that Mr. Gratton does not have a
 8    response to either one of those.  Both of those motions are
 9    granted.
10         Mr. Gratton has three motions to suppress.
11         Do you intend to give any argument on this, Mr. Gratton?  I
12    was going to hear you on -- on these issues.  Do you have
13    anything you want to add?  If you have anything you want to add,
14    you need to stand up, walk over to the podium, and give me your
15    arguments.  I have read your papers.
16         No.  We're not taking these pieces of paper.  You are going
17    to come up to the podium and talk to the Court or not.
18         No, Mr. Gratton, you either stand at the podium and speak or
19    go sit down.  You are not handing any more pieces of paper to
20    the court security officer.  Do you have anything you want to
21    add to these -- to your filings, 126, 131, 133?
22         I don't have time to play games with him.
23         I'll take that as a no.
24         Anything that you want to add?
25              MR. SCHRADER:  No, your Honor.
```

```
 1          THE COURT:  All right.  Those three motions are denied.
 2     Docket entry --
 3          MR. SCHRADER:  Sorry, I did have one request.  If I
 4     could just make sure I understand the Court's basis for denying
 5     his motion to suppress.
 6          THE COURT:  Oh.  They're frivolous.  They're frivolous.
 7     I was going to give him a chance to explain this, but -- but,
 8     you know, he's presented no evidence to support any of
 9     these -- any of these, to the extent that they are intelligible,
10     any of these arguments that he makes.  There's no support for it
11     whatsoever.  Those three are denied.
12     He -- he had a motion, 136, a question to the -- for the
13     plaintiff.  I -- I assume that what he is talking about there
14     is, what are the -- what are the potential penalties?
15     Mr. Gratton, do you have anything that you want to add to
16     that motion, 136?  You can say yes or no.
17     I'll take your silence as a no, he has nothing else to add
18     for that.
19     You have been -- you have been told over and over again what
20     the potential maximum penalties are.
21     That motion is denied.
22     His motion for leave to file under seal, 140, is granted.
23     And now we have got 148, the last motion.
24     Mr. Gratton, you did not file a written response to their
25     motion in limine to prevent introduction of certain documents.
```

 1  Do you have any opposition to that that you wish to voice here
 2  today?  Any opposition to that motion?
 3          MR. SCHRADER:  I do think, your Honor, he -- he did
 4  file a written response last night.  I don't know if the Court
 5  received that or not.
 6          THE COURT:  To 148?  Here is 151.
 7          MR. SCHRADER:  And I do have a copy of that, if the
 8  Court would like.
 9          THE COURT:  I'll pull it up here.
10          MR. SCHRADER:  It's Document 151.
11          THE COURT:  All right.  Oh, I -- I'm sorry; I -- I did
12  see this.  It didn't -- it didn't address the issues at all,
13  which is why I had forgotten about it.
14      Do you have anything that you want to add, Mr. Gratton, to
15  this response on 151?
16      Mr. Gratton, is that a yes or a no?  I'll take your silence
17  as a no.
18      Going once, going twice, going three times.  He does not
19  have a response.  That motion is granted.
20      All right.  Well, that takes care of, I think, the
21  outstanding motions.
22      Okay.  The trial will start on Tuesday.  We're going to -- I
23  will conduct the voir dire.  Each side has until Monday at noon
24  to provide me three questions, if they want me to ask any
25  particular questions.  Otherwise, I'll ask basic questions about

```
1    this case and determine their -- their fitness.
2         If you get here about 8:30, you'll get a list of the -- of
3    the jury pool, and then at 9, we'll start.
4         Mr. Gratton, you have ten challenges, peremptory challenges.
5    You can work with Mr. Hopkins to make sure you understand
6    how -- how that process works.  You get ten peremptory
7    challenges.  You get one challenge for an alternate.  The
8    Government will have six peremptory challenges and one challenge
9    for the alternate.  The alternates will be 13 and 14 in the box.
10   So when you are done using your peremptories just on the
11   nonalternates, on the 12 jurors, make sure you are just striking
12   from 1 through 12, and then we'll come back around, and you will
13   strike 13 or 14, if you have any.
14        We'll keep going.  There is back-striking.  So we'll keep
15   going until either both sides run out of challenges or there
16   comes a round where neither side has a challenge, right?  So, I
17   mean, if you haven't used your challenges, but if neither of you
18   uses one in a particular round, then we're done.  If one side
19   uses a challenge and the other side does not, then that keeps
20   the process alive and going.  All right.
21        For opening statement, you've got 30 minutes and 45 minutes
22   for a closing.  Here is how -- I don't know if you-all have
23   tried a case over here.  I know Mr. Gratton has not.  So the --
24   the jurors will be numbered, starting in the back row, left, and
25   it will go 1 through 7, and then front row -- row, left to right
```

1  is 8 through 14.  So that's how it will be numbered when you use
2  your chart.  Right?
3       MR. SCHRADER:  And then what about the -- the jurors in
4  the gallery?
5       THE COURT:  Well, they won't -- they won't be numbered.
6  You won't know who they are.  But what -- what I'll do is, I'll
7  -- when I'm talking to everybody, they -- they always
8  participate.  The others will stay in the back of the gallery,
9  but they'll participate in the voir dire.  And I'll have them
10  stand and say their name before each answer to remind you again
11  who they are.
12     But how many jurors are we going to have?
13       THE COURTROOM DEPUTY:  31.
14       THE COURT:  31?  So you've got 14 in the box.  What
15  does that leave you, 17 in the back?  So if they'll -- they'll
16  keep repeating their names over and over again.  And if I forget
17  or you don't hear it, just let me know, and I'll -- and I'll
18  remind them.
19     What I do need by -- also by noon on Monday are your
20  proposed jury instructions.  And each side will do a set of
21  proposed instructions.  And I will take care of that Tuesday.
22     What else?  Yes, sir?
23       MR. GRATTON:  Did you get my notices from yesterday?
24       THE COURT:  Well, we talked about your notice of
25  discharging Mr. Hopkins.  He is not acting as your counsel; he

```
1   is just elbow counsel.  So you're representing yourself.  What
2   -- what's the other one that you want to talk about?
3           MR. GRATTON:  Did you get all my notices yesterday?
4           THE COURT:  If you filed a notice, I have seen it.
5           MR. GRATTON:  So you got the notices from yesterday,
6   sir?
7           THE COURT:  Well, if you filed a notice, I have seen
8   it.
9           MR. GRATTON:  Can you just say yes or no, please?
10          THE COURT:  I just -- I just told you.
11      Tell me your name again, sir.
12      All right.  I don't know who this is, but Mr. Smith I think
13  is his name.
14      If -- if I have asked you a question, you need to respond to
15  me or you will be asked to leave the courtroom.
16      Let's -- let's get this guy out of here.
17      Sir, you -- you need to leave the courtroom.
18      You just heard me.  Get up and get out.
19          MR. GRATTON:  This man is my hearing, sir.  I wish for
20  him to be with me.
21          THE COURT:  If we need to -- if we need to call the
22  marshals and have him physically removed, we will do that.
23      You need to get up, sir.
24      All right.  Let's -- let's have him physically removed.
25          MR. ANTHONY SMITH:  Can we --
```

```
 1              THE COURT:  Have him physically removed.
 2      Get out.
 3      I'm about two seconds from coming down there and removing
 4  you myself.  Get out.
 5                   (Mr. Smith left the courtroom.)
 6              THE COURT:  All right.  Any other questions about how
 7  this is going to go on Tuesday?
 8              MR. SCHRADER:  Just a few housekeeping matters, your
 9  Honor.
10              THE COURT:  Yeah.
11              MR. SCHRADER:  So first with respect to jury
12  instructions, I know that the Court has on its Web site, it
13  looks like a sample from Judge Campbell's, because that's what I
14  saw listed.
15              THE COURT:  Yeah.  Correct.  What I need is just the
16  substantive, the substantive instructions.
17              MR. SCHRADER:  In other words, just for the elements,
18  essentially?
19              THE COURT:  Yeah.  I'll take care of the rest.
20              MR. SCHRADER:  Okay.  Fair enough.
21              THE COURT:  Yeah.  You don't have to -- you don't have
22  to redo the ones that are standard instructions.
23              MR. SCHRADER:  All right.  And typically, what -- all
24  right.  I'll just do that.
25              THE COURT:  Okay.
```

1          MR. SCHRADER:  With respect to jury selection, I was

2     wondering if the Court would permit the Government to ask

3     questions in this case.  And the reason why is this:  You know,

4     this -- we live in Tennessee, and the Second Amendment is

5     something I think that is treasured here.  And here we're not

6     talking about a felon in possession or something like that;

7     we're talking about NFA firearms.  Silencers, really.  And we

8     would like the opportunity to go into a little bit more detail

9     with the jurors to make sure that we understand, you know, their

10    views on gun ownership, silencer ownership, things like that.

11        So I plan to ask, if the Court permits me, some more

12    detailed questions about that so that we have a clear picture of

13    what the jurors' views are with respect to gun ownership.

14         THE COURT:  Well, let's do this:  How about get those

15    questions to me?  And I'll -- and I'll dig.  But this

16    can -- could easily get out of control.  And then let's do this.

17    If, after I have questioned the jury, that there's still

18    additional information, I'll call you up before we're done, and

19    let's talk about it again and see if you've gotten the

20    information you want.  And if not and there's not a way for me

21    to get there, then I will allow you to ask some questions.

22         MR. SCHRADER:  All right.  We'll plan on filing those

23    on Monday.

24        And then I had asked the Court for permission to disclose

25    the grand jury transcripts in this case on Monday before trial

```
 1    starts just to kind of facilitate things as the trial
 2    progresses.
 3              THE COURT:  Okay.
 4              MR. SCHRADER:  Let me check with Mr. Safeeullah here.
 5    I think that's all I have.
 6              THE COURT:  All right.
 7              MR. SCHRADER:  Did the Court also want a witness list
 8    and exhibit list from the Government for Monday?
 9              THE COURT:  Yes.  Yeah.  Sorry.  Let's -- let's do that
10    by noon on Monday as well.
11              MR. SCHRADER:  All right.  And I presume that order
12    applies to Mr. Gratton as well.
13              THE COURT:  That's correct.
14         Mr. Gratton, any questions before Monday?  Or Tuesday,
15    rather.
16              MR. GRATTON:  I have a notice for the Court.
17              THE COURT:  Have you filed your notice?
18              MR. GRATTON:  I wish to file it right now.
19              THE COURT:  Okay.  Well, get -- Mr. Hopkins can help
20    you file that notice.
21         Any -- any other questions?
22         Well, I'll go ahead and take his.  What's his notice?
23         I don't even -- I don't even know what this means,
24    Mr. Gratton.  You withdraw from the case.  What does that mean?
25              MR. GRATTON:  I stand by my notice.
```

1          THE COURT:  Okay.  All right.  Anything else?  Have you

2    got any other questions?  No?  All right.  Then that's it.

3          MR. DAVID HOPKINS:  Your Honor, may I --

4          THE COURT:  Yeah.

5          MR. HOPKINS:  -- may I inquire?  This notice, does it

6    need to be filed, since it has been handed in to the Court, or

7    will the Court file it?

8          THE COURT:  No, just -- just file it.  Yeah.  Go ahead

9    and file it in ECF so everybody has got a record, and it --

10          MR. HOPKINS:  And could I also inquire at this -- elbow

11    counsel is such an amorphous title.  Can we have some

12    clarification on my role going forward, please?

13          THE COURT:  Well, I -- I want you to be there to answer

14    any questions for Mr. Gratton.  You can also offer advice to

15    him.  He's -- he's probably going to need some help in using his

16    peremptories and how that process works, answer some questions

17    from him on -- on the rules of evidence, et cetera.  But, you

18    know, it's only to the extent he is going to actually listen to

19    you or take your advice.  Do the best you can.

20       All right.  Anything else?  Looks like we've got it.  I'll

21    see you on Tuesday.

22                    (Proceedings concluded.)

23

24

25

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I, Brian V. Ratekin, Notary Public for the State of

 4   Tennessee and Court Reporter, do hereby certify:

 5        That I reported on the stenograph machine the proceedings

 6   held in open court on March 2, 2017, in the matter of United

 7   states of America vs. Gratton, Case No. 3:16-cr-00043-1; that

 8   said proceedings in connection with the trial were reduced to

 9   typewritten form by me; and that the foregoing transcript is a

10   true and accurate record of said proceedings.

11        This the 4th day of March, 2017.

12

13

14

15        S/ Brian V. Ratekin

16        BRIAN V. RATEKIN
          Registered Professional Reporter
17        Certified Court Reporter

18

19

20

21

22

23

24

25
```