IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | No. | 3:16-cr-43 |
| | ) | | |
| | ) | | Judge Lawson |
| PAUL GRATTON | ) | | |
| | ) | | Magistrate Judge Brown |
| | ) | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ALLOW TRAVEL OUTSIDE THE MIDDLE DISTRICT OF TENNESSEE AND THE UNITED STATES**

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, respectfully opposes defendant Paul Gratton's Motion to Allow Travel Outside the Middle District of Tennessee and the United States (Doc. 227). In support of that opposition, the government sets forth as follows:

1. In June 2015, defendant Paul Gratton flew to England; purchased six silencers; shipped parts of those silencers to himself in Murfreesboro, Tennessee; carried other parts of those silencers with him on his return flight to the United States; and then tried to destroy evidence after the government executed a search warrant at his residence and recovered the silencers.

2. On March 9, 2016, and as the result of this conduct, a federal grand jury charged Gratton with six offenses: Willful delivery of a firearm to a common carrier without written notice, in violation of 18 U.S.C. § 922(e) (Count One); shipping and transporting a firearm with intent to commit a felony, in violation of 18 U.S.C. § 924(b) (Count Two); importing a firearm without the authorization of the Attorney General, in violation of 18 U.S.C. §§ 922(l) and 924(a)(1)(C) (Count Three); knowingly and willfully receiving firearms that had been imported into the United States

without the authorization of the Attorney General, in violation of 18 U.S.C. §§ 922(l) and 924(a)(1)(D) (Count Four); receipt or possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Five); and tampering with documents or proceedings, in violation of 18 U.S.C. §§ 1512(c)(1) (Count Six).

3. The parties were scheduled for trial before then-Chief Judge Kevin Sharp on March 7, 2017. Gratton failed to appear on that date, at which time Chief Judge Sharp issued a warrant for Gratton's arrest. The next day, after the intervention of the United States Marshals Service, Gratton walked into the federal courthouse. Gratton was taken into custody and remained in custody, after a hearing before this Court, until the conclusion of his trial, which began on March 9, 2017. On March 13, 2017, the jury convicted Gratton of Counts One through Five. They acquitted him on Count Six.

4. On March 16, 2017, after a contested hearing, Chief Judge Sharp released Gratton pending his sentencing hearing, which is currently scheduled for August 29, 2017.

5. On June 5, 2017, Gratton filed a motion seeking permission to travel to the United Kingdom to address certain probate issues arising from the death of his mother in December 2016.

6. As Gratton noted in his motion, the government respectfully opposes Gratton's request to travel. The government recognizes that Gratton has traveled to, and returned from, the United Kingdom during the pendency of his case. Gratton took those trips, however, before he (1) failed to appear on the day of trial, and before he (2) was convicted of five felonies.

7. The government anticipates that Gratton's adjusted offense level under the federal sentencing guidelines will be at least 20. And the government anticipates that Gratton will be in criminal history category I. With an adjusted offense level of 20, and a criminal history category of I, Gratton will face an advisory guidelines range of 33 to 41 months of imprisonment. Gratton

therefore has a substantial motivation not to return to the United States after traveling to the United Kingdom.

8.      Furthermore, although the letter that Gratton has attached to his motion purports to "require" his presence in the United Kingdom, Gratton has failed to show that he has made any efforts to resolve his mother's probate issues by phone, videoconference, or any other method which would not require him to leave the jurisdiction in which he awaits his sentencing on federal firearms charges.

WHEREFORE, the government respectfully requests that the Court deny Gratton's Motion to Allow Travel Outside the Middle District of Tennessee and the United States (Doc. 227)

                      Respectfully submitted,

                      JACK SMITH
                      Acting United States Attorney

By:    /s/ *Ben Schrader*
       BEN SCHRADER
       Assistant United States Attorney
       110 9th Avenue South, Suite A-961
       Nashville, Tennessee 37203
       (615) 401-6615

Dated:       June 19, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2017, I electronically served one copy of the United States' Opposition to Defendant Paul Gratton's Motion to Allow Travel Outside the Middle District of Tennessee and the United States (Doc. 227) by using the CM/ECF system, which will send a Notice of Electronic Filing to elbow counsel for the defendant. I also emailed a copy of this Opposition to Mr. Gratton at ukaero@yahoo.com.

                                              *s/Ben Schrader*
                                              BEN SCHRADER
                                              Assistant U.S. Attorney
                                              110th Avenue South, A96l
                                              Nashville, Tennessee 37203
                                              Phone:  (615) 736-5151