UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2017 AUG 24 PM 12: 35
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

UNITED STATES OF AMERICA, )
)
V. ) CASE # 3:16-CR-00043
)
) Judge Roger H. Lawson
PAUL GRATTON. )

## JUDICIAL NOTICE AND MEMORANDUM OF LAW

In accordance with Court rules, Federal Rules of Criminal Procedure, Federal Rules of Evidence [including 201] and Case Law; I Paul Gratton, notice all parties that said Court has not settled jurisictional issues or post trial motions. I give judicial notice of Law:

Rule 34. Arresting Judgment
*(a) In General. Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense.*
*(b) Time to File. The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.*

Rule 201. Judicial Notice of Adjudicative Facts
*(a) SCOPE. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.*
*(b) KINDS OF FACTS THAT MAY BE JUDICIALLY NOTICED. The court may judicially notice a fact that is not subject to reasonable dispute because it:*
*(1) is generally known within the trial court's territorial jurisdiction; or*
*(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.*
*(c) TAKING NOTICE. The court:*
*(1) may take judicial notice on its own; or*
*(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.*

# Judicial Notice and Memorandum of Law

In any judicial proceeding, the moving party [John Benjamin Schrader] has the burden of proof of demonstrating that the Court has subject matter jurisdiction over the parties before it.

No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." *Middleton v. Low (1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608*

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." *Hagans v. Lavine, 415 U. S. 533 (1974).*

"Having borrowed much of our reasoning with respect to the Compulsory Process Clause of the Sixth Amendment from cases involving the Due Process Clause of the Fifth Amendment, we have little difficulty holding that at least the same materiality requirement obtains with respect to a due process claim. Due process guarantees that a criminal defendant will be treated with "that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." Lisenba v. California, 314 U.S. 219, 236 (1941). In another setting, we recognized that Jencks Act violations, wherein the Government withholds evidence required by statute to be disclosed, rise to the level of due process violations only when they so infect the fairness of the trial as to make it "more a spectacle or **trial by ordeal** than a disciplined contest." United States v. Augenblick, 393 U.S. 348, 356 (1969) (citations omitted). Such an absence of fairness is not made out by the Government's deportation of the witnesses in this case unless there is some explanation of how their testimony would have been favorable and material. See United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307 (1971)."*United States v. Valenzuala-Bernal, 102 S. Ct. 3440, 458 U.S. 858 (U.S. 07/02/1982)*
*[in regard to loss of Subject matter Jurisdiction by due process violation, by the Prosecutor's failure to disclose ALL discovery, Brady, Giglio, Imbler and Pachtman and now Napue related material],*

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court",

*Old Wayne Mut. L. Assoc. v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)*

The law provides that once State and Federal Jurisdiction has been challenged, it must be proven. *Main v. Thiboutot, 100 S. Ct. 2502 (1980)*

Jurisdiction can be challenged at any time and once challenged, cannot be assumed and must be decided. *Basso v. Utah Power & Light Co., 495 F 2d 906, 910.*

"A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962)*

Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. *Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150*

When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." *Melo v. United States, 505 F. 2d 1026*

"The law is well-settled that a void order or judgement is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co., 254 u.s. 348, 41 S. Ct. 116 ( 1920 ).*

"If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed". *Louisville Rail Road v. Motley, 211 U.S. 149 (1908) 29 S.Ct. 42*

## Therefore,

As a matter of Law, It is my belief that the Prosecutor is not permitted to move said Court in any way [or seek sentence or argue sentencing] until all jurisdictional issues including due process violations have been settled.

Respectfully,

*Paul Gratton,*
5297 Asbury Road,
Murfreesboro, Tennessee

IN WITNESS WHEREOF, I, Paul Gratton, man with life and breath have here unto set my hand this

24th Day of August, 2017 on Rutherford County, Tennnessee.

Paul Gratton

Tennessee, RutherfordCounty

On this, the 24th day of August, 2017, before me a notary public, the (above) signed, Paul; Gratton, personally appeared before me; verified his identity, as I witnessed his signature on this instrument herein contained. In witness hereof, I here unto set my hand and official seal.

Notary Public

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing JUDICIAL NOTICE AND MEMORANDUM OF LAW has been delivered to the USDC Court Clerk's office to enter and serve via CM/ECF system, which shall send a Notice of Electronic Filing to the following: John Benjamin Schrader, Assistant United States Attorney, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203-3870, on this the 24th day of August, 2017.

Paul Gratton
5297 Asbury Road
Murfreesboro, Tennessee
615-849-7559